(No. 33701.—

H. KOHNSTAMM & Co., Appellee, *vs.* THE DEPARTMENT OF REVENUE *et al.,* Appellants.

*Opinion filed September 25, 1956.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and SAMUEL A. KANTER, of counsel,) for appellants.

MICHAEL M. PHILLIPS, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case involves the taxability under the Illinois Retailers' Occupation Tax Act of one who sells soap and chemicals to laundries. It arose on an action for refund, in which the circuit court of Cook County sustained the taxpayer's claim as to all items borne by it, the remainder being waived here by failure to file a cross appeal. From the judgment for the taxpayer, allowing $20,571.25 out of the total $35,821.53 refund claimed, the State appeals.

The taxpayer sells all laundry and dry cleaning supplies other than machinery and equipment, but particularly soap and chemicals. It sells to laundries, where the soap and chemicals are used in laundering items brought or sent in by owners of clothing. Alkali, stain remover, sour, bluing, other chemicals, and rinses are used as well as soap. These items are not preserved or recovered, but go mainly down the drain, although an "infinitesimally small amount" is left in or on the clothing. No sales to self-service laundries are involved, and none of the laundries buying from this taxpayer make any special charge for soap to the owners of the clothing laundered.

The taxpayer does not contend that the laundries resell the soap to the clothing owners, but only that the latter use or consume the soap. On these facts, then, was the tax properly imposed?

The Illinois Retailers' occupation tax is not a privilege tax on the consumer, a property tax on the goods, or a sales tax on the transaction. It is a tax on the business of

selling tangible personal property at retail—that is, for use and consumption and not for resale. (See *Herlihy Mid-Continent Co.* v. *Nudelman,* 367 Ill. 600; *Material Service Corp.* v. *McKibbin,* 380 Ill. 226; *Ingersoll Milling Machine Co.* v. *Department of Revenue,* 405 Ill. 367; *Burrows Co.* v. *Hollingsworth,* 415 Ill. 202.) While taxability thus involves several questions, the only issue here is whether the sale was for use and consumption.

We are of the opinion it was. For the use and consumption involved is that of the laundries themselves, who use the soap in their laundry process. The clothing owner never handles, touches, or even sees the soap. It is down the drain long before he has his clothes back, and only an "infinitesimally small amount" remains with the clothing.

On these facts, we find *Acme Printing Ink Co.* v. *Nudelman,* 371 Ill. 217; *Smith Oil and Refining Co.* v. *Department of Finance,* 371 Ill. 405, and *Robertson Products Co.* v. *Nudelman,* 389 Ill. 281, persuasive, as cases in which the printer, iron foundry, and hotel keepers, respectively, "used" the printer's ink, core oil, and paper articles and soap, even though their customers derived some benefits therefrom. The sellers of these items to the printer, foundry and hotel were held to have sold for use and consumption and not for resale.

In the *Robertson case,* the taxpayer sold soap and various paper products, such as napkins, towels, drinking cups and toilet tissue, to hotels and others who furnished them as part of the service to patrons, tenants or guests. While the hotel guest actually used the items, still "the use is no less the use by the hotel, for it is generally recognized that such articles are to be furnished by the hotel as a standard method of doing its business just as the carpets on the floor and the pictures on the wall are furnished." (p. 286.) In short, the use and consumption, for tax purposes, was that of the hotel owner in rendering a hotel service.

Certainly if the individual use of soap by a hotel guest

does not render a sale to the hotel nonretail, the use claimed in the instant case, that of the laundry customer, is far less an ultimate use. For here, as pointed out, the clothing owner does not see or touch the soap, and it is not transferred to him as a part of his clothing. This, therefore, must be considered a use and consumption by the laundry, with the customer receiving only the return of his clothes in a clean and renovated condition as a result of the laundry service, a service in which the laundry used and consumed the soap it bought from the taxpayer.

The cases cited by the taxpayer may be distinguished. The sales there were to persons or institutions for at least a physical transfer of the property in its existing form to others. See *Mallen Co.* v. *Department of Finance,* 372 Ill. 598; *Stolze Lumber Co.* v. *Stratton,* 386 Ill. 334; *Huston Brothers Co.* v. *McKibbin,* 386 Ill. 479; *Burrows Co.* v. *Hollingsworth,* 415 Ill. 202.

In the *Mallen case,* the medical supplies and drugs were sold by the taxpayer to physicians, hospitals and sanitoriums, who in turn sold or transferred the items to patients who themselves made use of them. The matter was treated by the court as similar in nature to the resale of eyeglasses to an optical patient. In the *Stolze case,* the use of the contractor who purchased from the taxpayer was not viewed as the ultimate use, for the contractor made a physical transfer to the home owners who were the ultimate users of the goods. The *Huston case,* decided the same day, was controlled by the *Stolze case,* the court again stressing the nontaxability of sales for transfer to others.

In the *Burrows case,* the matter of the physical transfer by the taxpayer's purchaser was refined to distinguish between transfers to paying patients and charity patients—in essence, a distinction based not so much on the use and consumption aspect as on the resale aspect.

In all these cases, the physical transfer by the taxpayer's purchaser to others who made the ultimate use rendered

the taxpayer not liable for a tax measured by such transactions. Such a transfer is not present in the case now before us.

The taxpayer here also argued for affirmance on the ground that the only issue properly raised by the Department's tentative denial of its claim for refund and by the Department's notice of hearing was whether there was a compliance with section 6 of the Retailers' Occupation Tax Act. (Ill. Rev. Stat. 1953, chap. 120, par. 445.) This, it is urged, limits the inquiry to whether the taxpayer bore the tax for which a refund is asked.

However, in its original claim for refund, the taxpayer based his request on the following: "The amount of taxes covered by this claim was paid under mistake of fact or error of law, upon gross receipts from sales of soaps, laundry supplies, etc. sold to laundries, cleaners and dyers, etc., who in turn transferred said items incidental to the rendering of their services. The sales of these items were not made by the taxpayer to an ultimate user or consumer." In its tentative denial, the Department not only asserted that section 6 had not been complied with, but also that there was a "lack of sufficient proof that other provisions of the said Act do not apply." Then, at the hearing, the taxpayer undertook to show that he had borne the tax and that the transactions involved could not measure a tax since the purchasers did not use or consume the items sold. There was evidence submitted by both parties on each of these issues, and it is clear that both matters were properly raised and considered.

The judgment allowing the borne portion of the taxpayer's claim is reversed, and the cause is remanded with directions to enter judgment against it as to the whole of the refund claimed.

*Reversed and remanded, with directions.*