EDWARD M. KLEIN, JR., Plaintiff-Appellant, v. JOHN A. DeVRIES *et al.*, Defendants-Appellees.

Second District No. 2—98—1400

Opinion filed December 28, 1999.

Theodore Liebovich, of Liebovich & Weber, P.C., of Rockford, for appellant.

272

William T. Hundman, of Bloomington, for appellee Metropolitan Life Insurance Company.

James J. Babowice and John P. Christensen, both of Griffith, Jacobson & Babowice, of Waukegan, for appellee Byron Bank.

Stephen E. Balogh and Clayton L. Lindsey, both of Williams & McCarthy, of Rockford, for other appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Edward M. Klein, Jr., appeals from the trial court's orders granting the defendants' motion to dismiss and denying plaintiff's motion to reconsider. We affirm.

Defendant Metropolitan Life Insurance Company (Metropolitan) held a first mortgage on real estate that was titled in the name of defendant John A. DeVries. On February 19, 1986, DeVries filed for bankruptcy. Under the final plan of reorganization, which was confirmed on February 26, 1987, DeVries was to deliver a quitclaim deed in escrow to Metropolitan's attorney. In the event of default, Metropolitan was to give notice to DeVries, "each junior lien or mortgage holder," and "all other creditors and parties in interest" that a default had occurred. The "junior lien holders and all other creditors and parties in interest (but not the Debtor)" would then have an opportunity to cure the default or obtain Metropolitan's position as first mortgage holder by making certain payments to Metropolitan. If no one stepped forward to make these payments, the title to the property would "pass free and clear of liens and encumbrances, unpaid real estate taxes, and mechanics' liens excepted" to Metropolitan. The reorganization plan was recorded with the Ogle County recorder of deeds on April 21, 1987.

In February 1989, DeVries executed and delivered to Klein a mortgage promissory note secured by three mortgages on the same property as that upon which Metropolitan held the first mortgage. These mortgages were recorded in Ogle County on March 27, 1989. Subsequently, DeVries defaulted on his first mortgage with Metropolitan, which sent the necessary notice to DeVries and other parties, but not to Klein. On December 7, 1989, Metropolitan recorded the quitclaim deeds that had been held in escrow. Metropolitan subsequently conveyed its interest in the property to Cuzan Croplands, Inc., which subdivided the property and sold it in various parcels to many of the defendants, who also conveyed mortgages on the property to other listed defendants.

In September 1997, Klein filed a complaint sounding in foreclo-

sure and declaratory judgment seeking to have his mortgages declared valid and to foreclose on the three mortgages against the subject real estate. All parties in the chain of title who had an interest in the property were named defendants. On May 26, 1998, the trial court dismissed plaintiff's first-amended complaint. Plaintiff's motion to reconsider was denied. This appeal followed.

 Klein contends that the trial court's dismissal of his amended complaint was in error. The court granted a motion to dismiss brought pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1998)). Section 2—619 provides a means of obtaining summary disposition of issues of law or easily proved issues of fact. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 115 (1993). Subsection (a)(9) permits dismissal where the asserted claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim. 735 ILCS 5/2—619(a)(9) (West 1998); *Kedzie*, 156 Ill. 2d at 115. "Affirmative matter" encompasses any defense other than a negation of the essential allegations of the cause of action. *Kedzie*, 156 Ill. 2d at 115. Thus, a motion brought under section 2—619(a)(9) admits the legal sufficiency of the plaintiff's cause of action. *Kedzie*, 156 Ill. 2d at 115. The initial burden is on the defendant going forward with the motion; once that is met, the burden shifts to the plaintiff, who must establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proved. *Kedzie*, 156 Ill. 2d at 116. If, after considering the pleadings and any supporting affidavits, the trial court finds that the plaintiff has failed to carry the shifted burden, the motion may be granted and the cause of action dismissed. *Kedzie*, 156 Ill. 2d at 116.

██ An appeal from such a dismissal is to be given a *de novo* review. *Kedzie*, 156 Ill. 2d at 116. This court must consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, if no issue of fact exists, whether dismissal is proper as a matter of law. *Kedzie*, 156 Ill. 2d at 116-17.

██ Plaintiff first contends that the trial court erred in finding that plaintiff had no right of redemption upon DeVries' default on the mortgage held by Metropolitan Life. In general, a mortgagee can have no greater rights than his mortgagor. *Eade v. Brownlee*, 29 Ill. 2d 214, 220 (1963). At issue, then, are the rights that DeVries had when he entered into the mortgage with plaintiff.

DeVries entered into the bankruptcy reorganization plan on February 26, 1987. Under that plan, DeVries had no right to cure a default on the mortgage held by Metropolitan. He then entered into the second mortgages with plaintiff in February 1989. Plaintiff argues that, at the

time he entered into the second mortgages, DeVries still was in equitable and legal title, as no default on the Metropolitan mortgage had yet occurred. Thus, DeVries' right to cure a default and redeem the property remained intact and could be conveyed.

■ We disagree. Once DeVries entered into the reorganization plan, his estate in the property was altered. By agreeing that he had no right to cure a default on the mortgage, DeVries' title to the property was altered from fee simple to fee simple defeasible, an estate that may last forever but that may end upon the occurrence of a specified event. See Black's Law Dictionary 615 (6th ed. 1990). DeVries' estate in the property could have lasted forever; however, default on the Metropolitan mortgage would end DeVries' estate, as he had no right to cure the default or redeem the property, pursuant to the reorganization plan. This, then, is the estate that DeVries held at the time he entered into the second mortgage with plaintiff. It is the only estate that DeVries could convey to plaintiff, and, when DeVries defaulted on the Metropolitan mortgage, DeVries' and plaintiff's estate in the property ended. As DeVries had no right to cure the default and redeem the property, neither did plaintiff. Plaintiff's claims to foreclosure and declaratory judgment were defeated by the limited estate that DeVries conveyed to plaintiff. Therefore, the trial court did not err in dismissing the cause of action.

Because we conclude that plaintiff had no right to cure DeVries' default, we need not address plaintiff's argument that he should have been notified of the default.

For these reasons, the judgment of the circuit court of Ogle County is affirmed.

Affirmed.

BOWMAN, P.J., and COLWELL, J., concur.