2023 IL App (1st) 230075

No. 1-23-0075

Opinion filed November 3, 2023

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN HUNDLEY, EMMA O'NEAL, TAYLOR SCOGGIN, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 21 CH 04206 |
| WPD MANAGEMENT, LLC, | ) ) ) | Honorable Neil H. Cohen, Judge presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Justice Mikva and Justice Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiffs John Hundley, Emma O'Neal, and Taylor Scoggin appeal the trial court's dismissal of their putative class action complaint alleging that defendant WPD Management, LLC, violated Chicago's Residential Landlord and Tenant Ordinance. Chicago Municipal Code § 5-12-170 (amended Nov. 14, 2018). The issue on appeal is whether the circuit court erred in dismissing the complaint for lack of standing where plaintiffs *never* paid security deposits but complained that the landlord (defendant) failed to provide them with required information about current interest rates applicable to security deposits. Because we conclude plaintiffs can allege no injury, we affirm.

¶ 2    Plaintiffs entered into rental agreements with defendant WPD Management, LLC, and were not required to pay a security deposit. In accordance with the RLTO, the rental agreements included a general summary of plaintiffs' rights and obligations as tenants but did not include a summary of rights regarding security deposits or their relevant interest rates. Plaintiff John Hundley filed a class action complaint on behalf of himself and others similarly situated, alleging that defendant failed to attach the summaries required by the RLTO (Chicago Municipal Code § 5-12-170 (amended Nov. 14, 2018)), including both the general summary and the summary regarding the security deposit interest rates. Plaintiff Hundley filed an amended class action complaint to add additional plaintiffs.

¶ 3    Defendant moved to dismiss, arguing that plaintiffs failed to state a claim for an RLTO violation because the leases contained the RLTO summary, which had an express section entitled "SECURITY DEPOSITS AND PREPAID RENT {MUN. CODE CH. 5-12-080 AND 5-12-081}." In response, plaintiffs argued that the RLTO requires landlords to include the general RLTO summary *and* security deposit summary with all rental agreements. The trial court dismissed the plaintiffs' complaint for lack of standing because it concluded the plaintiffs suffered no injury. 735 ILCS 5/2-619(a)(9) (West 2022).

¶ 4    Plaintiffs filed a motion for reconsideration, arguing defendant never raised standing in their briefing and, accordingly, plaintiffs did not have the opportunity to address this issue. The trial court denied the motion for reconsideration. Plaintiffs filed a timely notice of appeal. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 5    On appeal, plaintiffs argue that the trial court erred when it dismissed their complaint for lack of standing. Plaintiffs argue that the language of the RLTO does not require tenants to allege

actual damages beyond the violation of the statute and, thus, the violation alone confers standing. In response, defendant argues that the RLTO general summary is attached to plaintiffs' leases, as required, and the only additional information not included is the separate security deposit summary regarding the interest rates. Defendant contends that, because plaintiffs were not required to pay a security deposit, the failure to attach the security deposit summary is immaterial.

¶ 6    A motion to dismiss under section 2-619 admits as true all well-pleaded facts in the complaint but asserts an affirmative defense or other matter that defeats the claim. *Carr v. Koch*, 2012 IL 113414, ¶ 27. Lack of standing is an affirmative defense. *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004). Court's review of a dismissal pursuant to section 2-619 is *de novo*. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 583 (2000). This case involves the interpretation of a municipal ordinance, which is also reviewed *de novo*. *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 306 (2008).

¶ 7    The RLTO requires the Commissioner of the Chicago Department of Planning and Development to prepare a summary of the Chicago Municipal Code "describing the respective rights, obligations, and remedies of landlords and tenants" and then distribute the summary for public inspection and copying. Chicago Municipal Code § 5-12-170 (amended Nov. 14, 2018). The Commissioner must also prepare a separate summary of landlords' and tenants' respective rights, obligations, and remedies concerning security deposits, as well as the applicable interest rate to be paid thereon, and then disseminate the summary through radio and television outlets broadcasting in Chicago. *Id.* Based on these requirements, section 5-12-170 imposes an additional duty on landlords to attach "[a] copy of such summary *** to each written rental agreement." *Id.* Landlords must include both the general RLTO summary and the security deposit summary. *Kopnick v. JL Woode Management Co., LLC*, 2017 IL App (1st) 152054, ¶ 28.

¶ 8    Although the RLTO is to be "liberally construed and applied to promote its purposes and policies" (Chicago Municipal Code § 5-12-010 (amended Mar. 31, 2004)), reading it as broadly as plaintiffs urge strains the text and purpose of the ordinance. Holding a defendant liable for statutory damages ($100 per violation) for failing to provide a summary regarding security deposit interest rates with a rental agreement that does not require a security deposit would in essence require a defendant to perform a "useless act." *Sylva, LLC v. Baldwin Court Condominium Ass'n*, 2018 IL App (1st) 170520, ¶ 22 (citing *Rock Island Y.W.C.A v. Bestor*, 48 Ill. App. 3d 761, 765 (1977)). Under Illinois law, in order to establish standing, a plaintiff must "demonstrate some injury in fact to a legally cognizable interest." (Internal quotation marks omitted.) *Flynn v. Ryan*, 199 Ill. 2d 430, 436 (2002). Plaintiffs can never allege an injury here because they never paid security deposits. Defendant's failure to provide the interest rate information could in no way harm plaintiffs.

¶ 9    Plaintiffs principally rely on *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 40, in arguing that no actual injury beyond violation of the statute itself is necessary to qualify a plaintiff for relief under the RLTO. In *Rosenbach*, plaintiff visited defendants' amusement park and, as part of obtaining a season pass, provided a fingerprint that was stored in defendants' system. *Id.* ¶¶ 5-6. Plaintiff did not receive any paperwork or information regarding the fingerprint, the duration of storage, or the purpose. *Id.* ¶ 7. This was a direct violation of the Illinois Biometric Information Privacy Act. *Id.* ¶ 33. The court held that plaintiff need not allege actual injury because the violation under BIPA was sufficient to qualify the plaintiff as an "aggrieved" person. *Id.*

¶ 10    Plaintiffs' reliance on *Rosenbach* is misplaced. Under BIPA, a person who provides fingerprint identification data is injured when he gives up control over his biometric information

without written consent. *Id.* ¶¶ 20-21. In contrast, a tenant who does not pay a security deposit cannot ever be injured by a landlord's failure to provide information about the interest rate applicable to a refund of a security deposit. By requiring that the interest rate summary be included with rental agreements, the Chicago City Council no doubt intended to protect those tenants who actually paid security deposits. But where, as here, a tenant does not pay a security deposit, and is not required to, there is no risk of injury from the failure to provide the interest rate information.

¶ 11   Similarly, in *Soto v. Great America LLC*, 2020 IL App (2d) 180911, the plaintiffs' injury under the Fair and Accurate Credit Transactions Act of 2003 (15 U.S.C. § 1681c(g)(1) (2012)) was "the risk posed when credit card information is displayed on printed receipts" and not "truncated" as required by the Act. (Internal quotation marks omitted.) *Id.* ¶ 17. The plaintiffs there need not prove actual damages because the injury sought to be redressed by the statute was the risk of harm from the credit card information being fully reproduced on a receipt. Again, that is decidedly different from the RLTO, where the injury sought to be redressed is the landlord's failure to refund a security deposit in the proper amount. *Lawrence v. Regent Realty Group*, 197 Ill. 2d 1, 10 (2001) ("[t]he purpose of [the RLTO] is to help protect the rights of tenants with respect to their security deposits, including the right to receive interest").

¶ 12   Permitting a party to prevail on a claim absent an injury allows a "regulation designed as a shield to be used as a sword." *PNC Bank, National Ass'n v. Wilson*, 2017 IL App (2d) 151189, ¶ 26. Here, it would defy common sense. Plaintiffs nonetheless contend that the RLTO mandates that landlords provide the same information to all tenants, regardless of the lease terms. In support, plaintiffs rely on *Kopnick*, where the court held that a "plain reading of § 5-12-170 within the context of the ordinance compels the conclusion that the 'summary' that the landlord must

distribute consists of all the information the commissioner has prepared \*\*\* and the security deposit information \*\*\*." *Kopnick*, 2017 IL App (1st) 152054, ¶ 29. But in *Kopnick*, the landlord attached an incomplete general RLTO summary. *Id.* ¶ 22. Specifically, "[p]roviding the security deposit information is helpful, but providing the full RLTO information is even more helpful." *Id. Kopnick*, however, did not address whether the additional summary is necessary where it is not applicable to plaintiff. Rather, *Kopnick* focused on the inadequacy of the general RLTO summary attached to the plaintiff's lease, which omitted important sections related to tenant protections. *Id.* ¶ 23.

¶ 13     Finally, plaintiffs argue that the trial court's decision should be reversed because defendant did not raise the issue of standing in its motion to dismiss. Not so. Defendant argued that the plaintiffs' complaint should be dismissed because it failed to allege an injury. In any event, the concept of standing is so basic that a judge may raise the issue *sua sponte*. See *Greenwalt v. Department of Revenue*, 198 Ill. App. 3d 129, 133 (1990); see also *People v. Vincent*, 226 Ill. 2d 1, 12 (2007) (finding "a trial court may, on its own motion, dispose of a matter when it is clear \*\*\* that the requesting party is not entitled to relief as a matter of law"). Moreover, in this appeal, plaintiffs have had every opportunity to argue the issue, and we have considered those arguments *de novo* and find them unpersuasive.

¶ 14     For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 15     Affirmed.

---

### *Hundley v. WPD Management, LLC*, 2023 IL App (1st) 230075

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 21-CH-04206; the Hon. Neil H. Cohen, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Jeffrey Sobek, of JS Law, of Chicago, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Daniel R. Formeller, Jennifer L. Smith, Sarah E. Melendez, and Simone Haugen, of Tressler LLP, of Chicago, for appellee. |