2015 IL App (2d) 150171
No. 2-15-0171
Opinion filed October 20, 2015

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| PATRICK H. DAVIDSON, Individually, and as Next Friend of Faith Davidson, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 14-L-479 |
| THOMAS H. GUREWITZ, | ) ) | Honorable Diane E. Winter, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE BURKE delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Spence concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff, Patrick H. Davidson, individually and as next friend of Faith Davidson, appeals the involuntary dismissal of his legal malpractice claim against defendant, Thomas H. Gurewitz. Defendant was court-appointed as the child representative in a marriage dissolution proceeding to which plaintiff was a party. Plaintiff filed this action to recover damages allegedly caused by defendant's performance in that capacity. The trial court dismissed the claim with prejudice under section 2-619(a)(9) of the Code of Civil Procedure (Code) (see 735 ILCS 5/2-619(a)(9) (West 2014)) on the ground that, as a court-appointed child representative, defendant is absolutely immune from liability. Plaintiff appeals. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On July 8, 2014, plaintiff filed a one-count complaint for legal malpractice, alleging "breaches of fiduciary duty and deviations from the standard of care for a child's representative." As this is an appeal from the involuntary dismissal of plaintiff's complaint, the following facts are taken from the pleadings.

¶ 4    Following a long marriage and three years of dissolution proceedings, plaintiff's marriage to his ex-wife, Zena, ended on June 3, 2013.  Plaintiff's youngest child, Faith, was under 18 years old during the dissolution proceedings, and, on August 10, 2010, the trial court appointed defendant to serve as the child representative.  Plaintiff alleged that, on October 1, 2012, he and Zena entered into a parenting agreement that settled all issues related to the best interests of Faith.    However, defendant allegedly "continued to participate in the litigation and misinterpreted his continuing role as prescribed by the court to not be confined to the best interest of the child, but rather, expanded his role to encompass matters well beyond what would be construed as a child's representative."   Defendant allegedly "self-appointed himself as an assistant to the court and in some cases supplanting [*sic*] the court's functions in his activities during the trial of the marriage dissolution proceedings and in closing arguments thereafter, making outrageous recommendations and statements of material fact to the court which the court freely adopted."   Specifically, plaintiff alleged, *inter alia*, that defendant (1) cross-examined plaintiff about his earning potential and retirement accounts, (2) prepared a written closing argument with his opinion regarding financial issues, and (3) filed a response to plaintiff's posttrial motion.   Plaintiff alleged that, although defendant claimed that his opinions were relevant to Faith's best interests, he effectively served as Zena's advocate.  Plaintiff argued that defendant's "wrongful behavior" resulted in "the court entering a judgment of dissolution replete and filled with vindictiveness relating to [plaintiff]."

¶ 5　　On August 26, 2014, defendant filed a combined motion for dismissal under section 2-615 (735 ILCS 5/2-615 (West 2014)) and section 2-619(a)(9) of the Code. Defendant advocated dismissal under section 2-619(a)(9) on the ground that he is absolutely immune from liability in connection with his service as the child representative.

¶ 6　　On October 23, 2014, the trial court entered an order that (1) dismissed the complaint under section 2-619(a)(9) and (2) granted plaintiff leave until December 9, 2014, to amend the complaint. On December 9, 2014, the court granted plaintiff an extension to January 15, 2015, to amend the complaint with information "outside the recognized immunity previously recognized by the court" and to name additional defendants. At the next status hearing, on January 20, 2015, the court granted plaintiff a 14-day extension to name an additional defendant. On February 3, 2015, without ever amending the complaint, plaintiff asked the court to amend the October 23, 2014, dismissal order to state that the complaint is dismissed with prejudice. The court entered an order to that effect, and plaintiff's timely appeal followed.

¶ 7　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 8　　Defendant's motion to dismiss the complaint was filed pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2014)). Section 2-619.1 permits a party to file a motion to dismiss that combines a motion under section 2-615 and a motion under section 2-619. 735 ILCS 5/2-619.1 (West 2014). A motion to dismiss pursuant to section 2-615 challenges the legal sufficiency of a complaint by alleging that it fails to state a claim on which relief can be granted. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147 (2002). In contrast, a motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint but raises a defense that allegedly defeats the complaint. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Defendant cited section 2-619(a)(9), which allows involuntary dismissal where the claim is

barred by other affirmative matter avoiding the legal effect of or defeating the claim. 735 ILCS 5/2-619(a)(9) (West 2014). Defendant renews his argument that plaintiff's legal malpractice claim is barred by the absolute immunity afforded to a child representative in a marriage dissolution proceeding.

¶ 9 When we review motions filed pursuant to sections 2-615 and 2-619 of the Code, we accept as true all well-pleaded facts as well as all reasonable inferences that arise from them. *Patrick Engineering*, 2012 IL 113148, ¶ 31. However, we disregard all legal and factual conclusions that are not supported by specific factual allegations. *Patrick Engineering*, 2012 IL 113148, ¶ 31. We review *de novo* a trial court's decision on a motion to dismiss pursuant to section 2-615 or section 2-619 of the Code. *Patrick Engineering*, 2012 IL 113148, ¶ 31.

¶ 10 We conclude that the trial court correctly determined that plaintiff's claim is barred under section 2-619(a)(9) by absolute immunity. Section 506(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides for three types of attorney appointments during proceedings involving the general welfare of a minor child: (1) an attorney to represent the child; (2) a guardian *ad litem*; and (3) a child representative. 750 ILCS 5/506(a)(1), (a)(2), (a)(3) (West 2014). Section 506(a)(3) governs child representatives and provides as follows:

"(a) Duties. In any proceedings involving the support, custody, visitation, education, parentage, property interest, or general welfare of a minor or dependent child, the court may, on its own motion or that of any party, appoint an attorney to serve in one of the following capacities to address the issues the court delineates:

* * *

(3) Child representative. The child representative shall advocate what the child representative finds to be in the best interests of the child after reviewing the facts and

circumstances of the case. The child representative shall meet with the child and the parties, investigate the facts of the case, and encourage settlement and the use of alternative forms of dispute resolution. The child representative shall have the same authority and obligation to participate in the litigation as does an attorney for a party and shall possess all the powers of investigation as does a guardian ad litem. The child representative shall consider, but not be bound by, the expressed wishes of the child. A child representative shall have received training in child advocacy or shall possess such experience as determined to be equivalent to such training by the chief judge of the circuit where the child representative has been appointed. The child representative shall not disclose confidential communications made by the child, except as required by law or by the Rules of Professional Conduct. The child representative shall not render an opinion, recommendation, or report to the court and shall not be called as a witness, but shall offer evidence-based legal arguments. The child representative shall disclose the position as to what the child representative intends to advocate in a pre-trial memorandum that shall be served upon all counsel of record prior to the trial. The position disclosed in the pre-trial memorandum shall not be considered evidence. The court and the parties may consider the position of the child representative for purposes of a settlement conference." 750 ILCS 5/506(a)(3) (West 2014).

¶ 11 Section 506(a) does not confer any immunity from civil liability for the work performed thereby. However, the Appellate Court, First District, has held that the common law affords a court-appointed child representative absolute immunity from suit related to his court-appointed duties. *Vlastelica v. Brend*, 2011 IL App (1st) 102587, ¶ 36. In *Brend*, the trial court appointed a child representative in a custody proceeding. After the custody proceeding, the child's mother

filed a multicount complaint against the child representative and another defendant. The counts relating to the child representative included legal malpractice and intentional interference with custody rights. *Brend*, 2011 IL App (1st) 102587, ¶ 6. The plaintiff alleged that the child representative engaged in fraudulent conduct during the custody proceeding. The trial court granted the defendants' section 2-619 motion to dismiss, finding absolute immunity for work performed as a child representative. *Brend*, 2011 IL App (1st) 102587, ¶ 16.

¶ 12 In affirming the ruling of the trial court in *Brend*, the First District found *Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009), to be persuasive authority, stating: "We also agree with *Cooney*'s holding that to best aid the court in its determination of the child's best interests, the child representative must be accorded absolute immunity so as to allow him to fulfill his obligations without worry of harassment and intimidation from dissatisfied parents." *Brend*, 2011 IL App (1st) 102587, ¶ 23 (citing *Cooney*, 583 F.3d at 970).

¶ 13 Like the plaintiff in *Brend*, plaintiff argues that the child representative's conduct took place outside his role as child representative. Plaintiff alleges that defendant was appointed as child representative on August 10, 2010, and that the appointment ended on October 1, 2012, when the parties resolved issues related to Faith's best interests. However, plaintiff does not allege that the trial court terminated the appointment, or that plaintiff requested such a termination, before the close of the posttrial proceedings. Thus, all of defendant's alleged misconduct arose from his service as the child representative in the dissolution proceedings. Likewise, in *Brend*, the child representative committed all of the complained-of conduct after his appointment and in pursuit of his duties to meet with the parties, investigate the facts of the case, encourage settlement, and participate in the litigation. Thus, all of the alleged misfeasance and malfeasance committed by the child representative occurred within the course of his court-

appointed duties and were subject to absolute immunity. *Brend*, 2011 IL App (1st) 102587, ¶ 29. Consistent with *Brend*, we hold that the common law affords defendant absolute immunity from suit related to his court-appointed duties as child representative. Defendant's immunity is a proper ground for involuntary dismissal under section 2-619(a)(9) of the Code.

¶ 14    The *Brend* court observed that, in a child custody proceeding, a dissatisfied party may alert the court to any concerns about a child representative acting inappropriately. *Brend*, 2011 IL App (1st) 102587, ¶ 25. There is no indication that plaintiff objected to defendant's appointment or alerted the court to any alleged misconduct during the dissolution proceedings. Perhaps this ill-conceived action and the ensuing meritless appeal could have been avoided if plaintiff's counsel had made a timely objection.

¶ 15                    III. CONCLUSION

¶ 16    For the reasons stated, we affirm the involuntary dismissal of plaintiff's legal malpractice claim. Defendant's absolute immunity from liability related to his service as the child representative is affirmative matter defeating the claim.

¶ 17    Affirmed.