NOTICE
Decision filed 12/02/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220054-U

NO. 5-22-0054

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JAMES MATTHEW HOEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 17-L-36 |
| | ) | |
| JENNIFER HOEY, JENNIFER THOMPSON, and | ) | |
| CATHY McCLURE, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Thomas J. Foster, |
| (Jennifer Thompson, Defendant-Appellee). | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justice Wharton concurred in the judgment.
Justice Barberis dissented.

**ORDER**

¶ 1    *Held*: The order of the circuit court of Franklin County granting summary judgment in favor of the defendant, Jennifer Thompson, is affirmed where the defendant's conduct was subject to quasi-judicial immunity.

¶ 2    This is an appeal from an order of the circuit court of Franklin County granting summary judgment in favor of the defendant, Jennifer Thompson. The plaintiff, James Hoey, filed a claim for civil liability against Thompson for her conduct while performing her duties as guardian *ad litem* (GAL) for his minor son during the proceedings in Franklin County case No. 10-D-213. For the following reasons, we affirm the court's granting of the motion for summary judgment and find that Thompson was subject to quasi-judicial immunity as the minor's GAL.

1

¶ 3                                    I. BACKGROUND

¶ 4     On May 25, 2017, the plaintiff filed a two-count complaint against Thompson, his ex-wife, Jennifer H., and Cathy McClure,[1] a licensed clinical social worker, alleging loss of society and companionship of child and intentional infliction of emotional distress.  Relevant to this appeal, the defendant Thompson had been appointed as GAL during the time period at issue in the complaint.

¶ 5     The plaintiff and Jennifer H. were married on August 11, 2007.  One child was born during the course of the marriage.  On December 20, 2012, the marriage was terminated.  The parties were each granted regular visitation rights of the minor.  On August 4, 2015, the plaintiff filed a motion for leave to amend and a petition for joint custody and visitation pursuant to the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/610 (West 2014)).  On November 17, 2016, the trial court entered an order appointing Thompson as the minor child's GAL for the divorce proceedings.  A hearing on the motion was scheduled for April 19, 2017; however, on January 30, 2017, Jennifer H. filed a verified petition for order of protection which sought to stop visitation between the minor and the plaintiff.

¶ 6     On February 7, 2017, a hearing was held on the order of protection, at which Thompson testified and questioned witnesses.  On March 16, 2017, Thompson filed a motion for counseling of the child.  On March 30, 2017, the trial court entered an order for temporary parenting time which required that the plaintiff's parenting time with the minor be supervised by Reverend Lynette Barnett.  That same day, Thompson sent an email directed to the parties and attorneys imposing additional parenting time restrictions not included in the court's March 30, 2017, order.  The additional restrictions included choosing the location where visitation would take place,

_____

[1]The other two defendants, Jennifer H. and McClure, are not parties to this appeal.

identifying allowable topics of conversation, prohibiting the paternal grandparents from participating in the visits, restricting phone use during visits, and giving the minor the authority to end the visits. On April 18, 2017, Thompson sent an email to the parties stating that Barnett was no longer allowed to supervise the plaintiff's parenting time with the minor. On May 11, 2017, Thompson sent another email to the plaintiff's counsel appointing a supervisor for the plaintiff's parenting time who was not named in the court's March 30, 2017, order and reiterating her restrictions on the parenting time that were not included in the court's March 30, 2017, order. On May 25, 2017, the plaintiff filed his complaint against Jennifer H., McClure, and Thompson at issue here.

¶ 7     Relevant to this appeal, the plaintiff's complaint alleged that Thompson exceeded her statutory authority as GAL and that her conduct violated Rule 3.7 of the Illinois Rules of Professional Conduct. Furthermore, it alleged that Thompson and McClure, at the direction of Jennifer H., conspired to alienate the minor and deprive the plaintiff of his parenting time. Because of the actions of Thompson, McClure, and Jennifer H., the plaintiff was denied his parenting time on numerous occasions and had not had parenting time with the minor since April 12, 2017.

¶ 8     The complaint cited to several instances where the plaintiff asserted that Thompson exceeded her statutory authority. Specifically, as to count I of the complaint, the plaintiff alleged that Thompson, McClure, and Jennifer H. intentionally, illegally, and tortiously conspired together to deprive him of the society and companionship of his minor son. Specific to Thompson, he alleged that she advised Jennifer H. to file the verified petition for an emergency order of protection; she participated in the hearing on said petition as both a fact witness and in questioning witnesses as an attorney; on March 16, 2017, she filed a motion for counseling of the plaintiff, requesting he attend a 14-week parenting class and anger management classes; on March 30, 2017,

she sent an email to the plaintiff imposing restrictions on his parenting time that were not ordered by the trial court; and on April 18, 2017, she sent an email stating that Rev. Barnett was no longer permitted to supervise the plaintiff's parenting time in contradiction to the court's order. Count II alleged intentional infliction of emotional distress and made the same factual allegations.

¶ 9  On May 21, 2020, Thompson filed a motion for summary judgment. The motion alleged that Thompson was appointed as the minor's GAL on November 17, 2016, in order to ensure the minor's best interests and to assist the trial court in making its determination. Her scope as GAL was laid out in the court's order as well as the Act (750 ILCS 5/506(a) (West 2016)), and all of the complained acts were done within the scope of that appointment. Specifically, she argued that GALs are protected by quasi-judicial immunity. See *Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009); *Nichols v. Fahrenkamp*, 2019 IL 123990. Thompson further iterated that the relevant caselaw established that a GAL is protected by absolute immunity so long as the GAL's actions were trying to ensure the best interests of the minor or aid the trial court in its determination, within the scope of her appointment. Therefore, the only issue before the court was whether Thompson was acting within the scope of her appointment. On November 30, 2021, a hearing was held on the motion.[2]

¶ 10  On January 11, 2022, the trial court entered a written order granting Thompson's motion for summary judgment. In reaching its conclusion, the court found that Thompson had in fact exceeded her authority as GAL where: (1) she participated as a GAL, witness, and attorney in the hearing on the order of protection; and (2) she unilaterally changed, without the court's permission, authorization, or order, the terms of the plaintiff's parenting time and removed the court ordered

---

[2]No report of proceedings for any hearings were filed in this case. The only transcripts, or portions thereof, are included as exhibits in the common law record.

supervisor. However, the court went on to find that under the relevant Illinois caselaw, Thompson had quasi-judicial immunity for all of the complained conduct because she was acting within the scope of her appointment as the GAL. Therefore, the court granted the motion for summary judgment. The plaintiff appeals.

¶ 11                                  II. ARGUMENT

¶ 12    The issue on appeal raises a question as to the scope and applicability of the quasi-judicial immunity afforded to GALs. Specifically, the plaintiff argues that Thompson's immunity did not extend to those actions she performed which exceeded the scope of her authority, and the trial court therefore erred in granting summary judgment. We disagree.

¶ 13    Summary judgment is appropriate only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020). We review *de novo* a trial court's ruling on a motion for summary judgment. *Nichols*, 2019 IL 123990, ¶ 13.

¶ 14    The plaintiff argues that the scope of quasi-judicial immunity afforded to GALs does not go beyond the scope of the immunity afforded to judges. The plaintiff's argument distinguishes between authority and appointment. Under the language of the Act,

> "(a) *** In any proceedings involving the support, custody, visitation, allocation of parental responsibilities, education, parentage, property interest, or general welfare of a minor or dependent child, the court may, on its own motion or that of any party, appoint an attorney to serve in one of the following capacities to address the issues the court delineates:
> ***
> (2) Guardian *ad litem*. The guardian *ad litem* shall testify or submit a written report to the court regarding his or her recommendations in accordance with the best interest of the child. The report shall be made available to all parties. The guardian *ad litem* may be called as a witness for purposes of cross-examination regarding the guardian *ad litem*'s report or recommendations. The guardian

5

*ad litem* shall investigate the facts of the case and interview the child and the parties." 750 ILCS 5/506(a)(2) (West 2020).

¶ 15    The Illinois Supreme Court has determined that GALs "who submit recommendations to the court on a child's best interests are protected by quasi-judicial immunity." *Nichols*, 2019 IL 123990, ¶ 49.  In so finding, the supreme court cited *Davidson v. Gurewitz*, 2015 IL App (2d) 150171, where the Second District held "that child representatives are immune from liability for conduct within the scope of their appointment." *Nichols*, 2019 IL 123990, ¶ 45.  Though we agree with the plaintiff's assertion that a GAL does not have immunity beyond that afforded judges, we do not agree with the plaintiff's distinction between conduct outside the GAL's scope of authority as opposed to the scope of their appointment.  Our caselaw makes it clear that a GAL will have quasi-judicial immunity for all conduct performed within the scope of their appointment and does not end at the scope of her authority.  We therefore find that Thompson had quasi-judicial immunity for all of the complained-of actions.

¶ 16    The plaintiff further argues that Thompson acted without subject matter jurisdiction when she acted outside the scope of her authority and therefore should not be afforded immunity for those actions as a judge would likewise not be afforded immunity for their nonjudicial actions or action taken in the complete absence of all jurisdiction.  See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Specifically, the plaintiff asserts that granting Thompson immunity here would broaden the scope of her immunity beyond that afforded judges.  However, this argument fails where Thompson was appointed by the trial court to serve as the minor's GAL.  The court's appointment was the basis for Thompson's conduct, regardless of whether she had the authority to act as she did.

¶ 17    As already discussed, Thompson was in fact acting within the scope of her appointment.  Therefore, we cannot say that she was acting without subject matter jurisdiction.  All of the

complained conduct was performed under her appointment by the trial court as the minor's GAL. Though the court found that Thompson did in fact exceed her authority in that appointment, the court ultimately determined that none of the complained conduct was performed outside of her appointment. This is an important distinction as Thompson would be subject to civil liability for any conduct not performed within her court appointment. However, that is not the case here. Therefore, we find that the trial court did not err in granting Thompson's motion for summary judgment.

¶ 18                                    III. CONCLUSION

¶ 19    Based on the forgoing, we affirm the order of the circuit court of Franklin County granting summary judgment in favor of defendant Thompson.

¶ 20    Affirmed.

¶ 21    JUSTICE BARBERIS, dissenting:

¶ 22    I respectfully disagree with the majority's decision to affirm the order of the trial court granting summary judgment in favor of defendant Thompson for the following reasons.

¶ 23    As the majority correctly notes, summary judgment is appropriate only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020). We review *de novo* a trial court's ruling on a motion for summary judgment. *Nichols v. Fahrenkamp*, 2019 IL 123990, ¶ 13.

7

¶ 24 In my view, there is a genuine issue of material fact that precludes a finding that defendant Thompson is entitled to judgment as a matter of law. Specifically, there is a genuine issue of material fact as to whether defendant Thompson had quasi-judicial immunity for all of the complained-of actions. The majority relies on *Nichols*, 2019 IL 123990, stating that "[o]ur caselaw makes it clear that a GAL will have quasi-judicial immunity for all conduct performed within the scope of their appointment and does not end at the scope of her authority." *Supra* ¶ 15. While I agree that the trial court appointed defendant Thompson to serve as the minor's GAL, and that the court's appointment was the basis for defendant Thompson's conduct, it is my view that such appointment does not provide a GAL with blanket immunity for any and all actions taken in his or her role as GAL.

¶ 25 As the majority correctly notes, " 'child representatives are immune from liability for conduct *within the scope of their appointment*.' " (Emphasis added.) *Supra* ¶ 15 (quoting *Nichols*, 2019 IL 123990, ¶ 45). In other words, *Nichols* stands for the proposition that a GAL *may* receive quasi-judicial immunity for conduct within the scope of their appointment. However, both *Nichols* and the majority fail to outline the parameters of what actions fall outside the scope of a GAL's appointment. I am unable to find any existing law outlining the factual scenarios in which a GAL may act outside of one's appointment.

¶ 26 Here, in reaching its conclusion, the trial court found that defendant Thompson had in fact exceeded her authority as GAL where: (1) she participated as a GAL, witness, and attorney in the hearing on the order of protection; and (2) she unilaterally changed, without the court's permission, authorization, or order, the terms of the plaintiff's parenting time and removed the court ordered supervisor. In my view, the court's finding that defendant Thompson exceeded her authority as GAL equates to a finding that she exceeded the scope of her appointment, especially where the

court found that defendant Thompson unilaterally changed—without the court's permission, authorization, or order—the terms of the plaintiff's parenting time and removed the court ordered supervisor. It is my view that, under these unique circumstances, there is a genuine issue of material fact as to whether defendant Thompson acted as the trial judge, not the GAL, and, thus, acted outside the scope of her appointment. Thus, I would conclude that the court erred by granting summary judgment in favor of defendant Thompson.

¶ 27    Therefore, I would reverse the order of the trial court granting summary judgment in favor of defendant Thompson.